CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 1 2 2011

JULIA C. DUDLEY, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CHRIS CARTY, | ) | CASE NO. 7:11CV00173 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | |
| | ) | |
| C/O T. SMITH, ET AL., | ) | By: Samuel G. Wilson |
| | ) | United States District Judge |
| Defendant(s). | ) | |

Chris Carty, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging that correctional officers at Wallens Ridge State Prison swore out assault warrants against him in state court and charged him with prison disciplinary infractions, based on false testimony. Carty also alleges that when these charges caused him to be transferred to Red Onion State Prison, officers riding in the transportation van with him verbally harassed him and, upon arrival at Red Onion, activated an electronic stun belt on him several times for no reason. Upon review of his submissions and attachments, the court finds that Carty did not exhaust all available administrative remedies before filing this action, and therefore, the court dismisses his suit without prejudice pursuant to 42 U.S.C. § 1997e(a).

I.

The Prison Litigation Reform Act requires that inmates exhaust all available administrative remedies *before* filing an action challenging prison conditions. 42 U.S.C. § 1997e(a). It is well established that this exhaustion requirement is mandatory, Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 677 (4th Cir. 2005), and that the requirement "applies to all inmate suits about prison life." Porter v. Nussle, 534 U.S. 516, 532 (2002). Failure to follow the required procedures of the prison's administrative remedy process

will bar an inmate's § 1983 action. Woodford v. Ngo, 548 U.S. 81, 90 (2006). "[W]here failure to exhaust is apparent from the face of the complaint," the court may summarily dismiss the complaint on that ground. Anderson, 407 F.3d at 682.

In this case, Carty concedes on the face of his complaint that he has not pursued remedies under the grievance procedures as to his claims. He justifies this omission by asserting that under the grievance procedures, assaults "are grieved only on appeal," whereas he wants to file federal criminal warrants against the defendants.[1] To the extent that Carty wishes to bring civil claims under § 1983 for monetary damages against the defendants for the violations of his constitutional rights as alleged in the complaint, he must first exhaust all available administrative remedies *before* filing a court action. Because he admits that he has not yet done so, the court dismisses his § 1983 claims without prejudice for failure to exhaust as required under § 1997e(a).

## II.

To the extent that Carty seeks to file criminal warrants against the defendants for violations of federal statutes, his action must also be summarily dismissed. "[T]he United States and its attorneys have the sole power to prosecute criminal cases in the federal courts," and private citizens cannot petition federal courts to compel the criminal prosecution of another person. Maine v. Taylor, 477 U.S. 131, 137 (1986); Leeke v. Timmerman, 454 U.S. 83, 86-87 (1981); Lida R. S. v. Richard D., 410 U.S. 614, 619 (1973). Moreover, federal criminal statutes cannot be enforced by a private party in a civil action. Anderson on Behalf of U.S. v. Norfolk & W. Ry., 349 F. Supp. 121, 122 (W.D. Va. 1972). Because Carty's allegations that the defendants' actions violated federal criminal statutes do not state any actionable claim that he is

---

[1] Carty attaches to his complaint copies of four Commonwealth of Virginia criminal complaint forms, alleging that each of the defendants violated his rights under 18 U.S.C. §§ 242 and 1512(b)(3). He also submits a copy of a letter from the Office of the Magistrate in Wise, Virginia, stating that "[t]he Virginia Magistrate lacks the authority to issue charges for violations of Federal law. You will need to pursue those charges through the Federal Magistrate."

2

entitled to bring, his claims must be dismissed without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(b).[2]

### III

Because Carty's submissions do not state any actionable claim, the court will summarily dismiss his complaint without prejudice.

ENTER: This 17th day of May, 2011.

United States District Judge

---

[2] Under § 1915(e), which governs in forma pauperis proceedings, the court has a mandatory duty to screen initial filings. Eriline Co. v. Johnson, 440 F.3d 648, 656-57 (4th Cir. 2006). Specifically, "a district court must dismiss an action that the court finds to be frivolous or malicious or that fails to state a claim." Michau v. Charleston County, 434 F.3d 725, 728 (4th Cir. 2006) (citing § 1915(e)(2)(B)).